LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA 91356-3375
(818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for CITIBANK (SOUTH DAKOTA), N.A.[1]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| REY RABAGO,<br><br>          Plaintiff,<br><br>          v.<br><br>CITIBANK (SOUTH DAKOTA), N.A.,<br><br>          Defendant. | CASE NO.:<br><br>NOTICE OF REMOVAL BY DEFENDANT<br><br>Pursuant to 28 U.S.C. Section 1331<br><br>(Federal Question) |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. Sections 1331, 1441(b) and Section 1446 of Title 28 of the United States Code, defendant Citibank (South Dakota) N.A. ("Defendant") hereby removes the action entitled <u>Rey Rabago v. Citibank (South Dakota), N.A.</u>, Superior Court of the State of California for the County of San Bernardino, Case No. CIVDS 1601063 (the "Action"), filed by plaintiff Rey Rabago ("Plaintiff"), to the United States District Court for the Central District of California, on the following grounds:

---

[1] Effective July 2011, Citibank (South Dakota), N.A. merged into Citibank, N.A. Accordingly, Citibank, N.A., is erroneously sued as Citibank (South Dakota), N.A.

1.    On or about February 19, 2016, Defendant received service of Plaintiff's Summons and Complaint. True and correct copies of the Plaintiff's Summons and Complaint, purportedly served on Defendant, is attached hereto as Exhibit "1".

2.    Defendant has timely filed this Notice of Removal within thirty days of the purported service of the Summons and Complaint.  See 28 U.S.C. Section 1446(b).

## FEDERAL QUESTION

3.    The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227. A claim that is created by, and arises under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441(c).

4.    This Court is the proper district court for removal because the Superior Court of California, County of San Bernardino, is located within the United States District Court for the Eastern District of California.

5.    True and correct copies of all other pleadings, process, and orders served upon Defendant in the Action are attached in composite as Exhibit "2".

6.    A true and correct copy of Defendant's Answer to Complaint, served upon Plaintiff in the Action is attached hereto as Exhibit "3".

7.    Defendant simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of San Bernardino, Limited Civil. Defendant will serve Plaintiff with copies of this Notice of Removal and the Notice filed in state court.

8.  By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

DATED:  March 17, 2015          LAW OFFICES OF MICHAEL D. SCHULMAN


By _____
MICHAEL D. SCHULMAN
Attorneys for CITIBANK (SOUTH DAKOTA) N.A.

# EXHIBIT 1

# COPY

## BY FAX

**SUM-100**

**SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK (SOUTH DAKOTA) N.A.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

REY RABAGO

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 26 2016

BY *Paula Rogers* DEPUTY
Paula Rogers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Bernardino

247 W. Third St.
San Bernardino, CA 92415

**CASE NUMBER:**
*(Número del Caso):* CIVDS 1601063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE:<br>*(Fecha)* | JAN 26 2016 | Clerk, by<br>*(Secretario)* | Paula Rogers | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*RR*
*2/19/16*
*APS-3*
*10:35AM*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Americas Legalnet, Inc.
www.FormsWorkflow.com

Page 1 of 1

# COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorney for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 26 2016

BY _Paula Rogers_ DEPUTY
Paula Rogers

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO
## LIMITED JURISDICTION

|  |  |
|---|---|
| | Case No.  CIVDS 1601063 |
| REY RABAGO, | (Amount to exceed $10,000 but not $25,000) |
| Plaintiff, | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| vs. | 2. Violation of Telephone Consumer Protection Act |
| CITIBANK (SOUTH DAKOTA) N.A., | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

///

Complaint - 1

## II. PARTIES

2.     Plaintiff, Rey Rabago ("Plaintiff"), is a natural person residing in San Bernardino County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Citibank (South Dakota) N.A. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5.     On approximately February 5, 2015, Defendant began contacting Plaintiff concerning an alleged debt owed. Defendant called Plaintiff on Plaintiff's cellular telephone number ending in -8590.

6.     Defendant often called from 877-561-2272.

7.     Defendant began numerously calling Plaintiff regarding an alleged outstanding debt. The calls from Defendant were so numerous, frequent and repetitive that Plaintiff felt harassed by said calls. The number, pattern and frequency of calls to Plaintiff also evidences Defendant's intent to harass Plaintiff.

8.      Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

9.      Prior to being contacted via an "automatic telephone dialing system," Plaintiff had revoked any and all consent to be contacted via an "automatic telephone dialing system."

10.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

12.     During all relevant times, Defendant did not have Plaintiff's consent to be contacted via an "automated telephone dialing system."

13.     On or around August 17, 2015, Plaintiff's counsel sent Defendant a notice letter, stating that Plaintiff was now represented by counsel.

14.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

15.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

  a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

  b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

    c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)); and

16.    Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

17.    As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

18.    Plaintiff reincorporates by reference all of the preceding paragraphs.

19.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

///

///

Complaint - 4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees;

    D.    For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF TELEPHONE
CONSUMER PROTECTION ACT**

20.    Plaintiff incorporates by reference all of the preceding paragraphs.

21.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22.    As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

23.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

25.    Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the

future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant for the following:

    A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

    B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

    C. Any and all other relief that the Court deems just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 25th day of January, 2016.

By:              
              Todd M. Friedman, Esq.
              Law Offices of Todd M. Friedman, P.C.
              Attorney for Plaintiff

# COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

REY RABAGO

vs.

Citibank (South Dakota) N.A.

CASE NO.: __CIVDS 1601063__

### CERTIFICATE OF ASSIGNMENT

BY FAX

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other RFDCPA | Plaintiff resides within the district |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Rey Rabago | 1334 Milburn Ave | |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS | |
| Redlands | CA | 92373 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on January 25, 2016 at Beverly Hills California

Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741   FAX NO: 866-633-0228<br>ATTORNEY FOR *(Name)*: Plaintiff, REY RABAGO | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JAN 26 2016<br><br>BY *Paula Rogers*<br>**Paula Rogers** DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 W. Third St.
MAILING ADDRESS: 247 W. Third St.
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME:

CASE NAME:
Rey Rabago v. Citibank (South Dakota) N.A.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [ ] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [✓] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CIVDS 1601063**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 25, 2016

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

San Bernardino District - Civil
247 West Third Street

JAN 26 2016

San Bernardino, CA. 924150210

BY *Paula Rogers*
DEPUTY

---

CASE NO: CIVDS1601063

LAW OFFICES OF TODD M FRIEDMAN, P.C.
324 S BEVERLY DR
#725
BEVERLY HILLS CA 90212

NOTICE OF TRIAL SETTING CONFERENCE
and NOTICE OF CASE ASSIGNMENT

IN RE: RABAGO -V- CITIBANK (SOUTH DAKOTA)NA

THIS CASE HAS BEEN ASSIGNED TO: JUDGE BARRY L. PLOTKIN AND JUDGE
MICHAEL M. DEST IN S35 FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

HEARING DATE: 07/26/16 at  8:30 in Dept. S35

DATE: 01/26/16  Christina M. Volkers, Clerk of the Court
By: PAULA ROGERS

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(/) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/26/16
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/26/16 at San Bernardino, CA

BY: PAULA ROGERS

# EXHIBIT 3



COPY

LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ. SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA 91356-3375
Woodland Hills, CA 91367
Telephone: (818) 999-5553/Fax : (818) 999-5570
mike@schulmanlawoffices.com

Attorneys for Citibank, N.A.
incorrectly sued as
Citibank (South Dakota), N.A.



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 7 2016

BY _____
JASMIN CASILLAS, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO DISTRICT, LIMITED CIVIL CASE

**BY FAX**

Rey Rabago,

      Plaintiff,

      vs.

Citibank (South Dakota) N.A.,

      Defendant.

CASE NO. CIVDS 1601063

ANSWER OF CITIBANK, N.A. TO COMPLAINT

    Defendant, Citibank, N.A. incorrectly sued as Citibank (South Dakota), N.A. (the "Bank") for itself alone and for no other defendant or defendants, answers in response to plaintiff's Rey Rabago ("Plaintiff") Complaint on file herein as follows:

    1.  Under and in accordance with the provisions of Section 431.30 of the California Code of Civil Procedure, the Bank denies, both generally and specifically, each and every allegation contained in each paragraph of the Complaint and the Bank expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums whatsoever.

### FIRST AFFIRMATIVE DEFENSE

    2.  The Complaint fails to state facts sufficient to constitute a cause of action against the Bank.

## SECOND AFFIRMATIVE DEFENSE

3.   Plaintiff's claims are subject to binding arbitration, upon election of either party, pursuant to the arbitration agreement contained in the written terms and conditions governing the credit card account at issue in this case.  The Bank reserves its right to elect arbitration of this dispute pursuant to such arbitration agreement.

## THIRD AFFIRMATIVE DEFENSE

4. If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

## FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

6.  Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

7.   Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agent's own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

8.   Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

## EIGHTH AFFIRMATIVE DEFENSE

9.  Plaintiff consented to and approved all of the acts and omissions about which Plaintiff now complains.

## NINTH AFFIRMATIVE DEFENSE

10. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct,

1    acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional

2    misconduct of Plaintiff and not the Bank.

3                            TENTH AFFIRMATIVE DEFENSE

4          11.   If Plaintiff suffered or sustained any loss, injury, damage or detriment, the

5    same was directly and proximately caused and contributed to by the breach, conduct,

6    acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional

7    misconduct of others, and not by the Bank.

8                          ELEVENTH AFFIRMATIVE DEFENSE

9          12.   The Bank specifically denies that it acted with any oppression, fraud or

10   malice towards Plaintiff or others.

11                          TWELFTH AFFIRMATIVE DEFENSE

12         13.  The Bank is immune, in whole or in part, from Plaintiff's claims.

13                         THIRTEENTH AFFIRMATIVE DEFENSE

14         14.  Plaintiff's claims are pre-empted, in whole or in part.

15                        FOURTEENTH AFFIRMATIVE DEFENSE

16         15.  Plaintiff is precluded from asserting any obligation of the Bank due to

17   Plaintiff's failure to comply with conditions precedent.

18                          FIFTEENTH AFFIRMATIVE DEFENSE

19         16.   The Bank's conduct was privileged at all relevant times.

20                          SIXTEENTH AFFIRMATIVE DEFENSE

21         17.   The acts and conduct of Plaintiff and/or Plaintiff's agents precluded and

22   interfered with any such acts or conduct required to be performed on the part of the

23   Bank.

24                        SEVENTEENTH AFFIRMATIVE DEFENSE

25         18. Each of the causes of action set forth in the Complaint are barred by the

26   applicable statute of limitations.

27

28

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2    19.  If the Bank is determined to have any liability to the Plaintiff, the amount of

3    such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank, if

4    any.

5

### NINETEENTH AFFIRMATIVE DEFENSE

6    20.  The Complaint is barred, in whole or in part, because any alleged wrongful

7    conduct on the part of the Bank, which is assumed only for the purpose of this

8    affirmative defense, was not intentional and resulted from a bona fide error

9    notwithstanding the maintenance of procedures reasonably adapted to avoid any such

10   error.

11

### TWENTIETH AFFIRMATIVE DEFENSE

12   21.  The Bank reserves the right to assert additional and/or further affirmative

13   defenses during the course of this litigation as such become known throughout the

14   course of this litigation.

15   WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

16   A.  That Plaintiff take nothing by way of his Complaint;

17   B.  That the Bank be awarded its attorney fees, costs and disbursements incurred

18   herein;

19   C.  For such other and further relief as this Court deems just and proper.

20   DATED: March 16, 2016          LAW OFFICES OF MICHAEL D. SCHULMAN

21

22                        By _____

23                           Michael D. Schulman
                             Attorneys for Citibank, N.A.

24

25

26

27

28

4

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA 91356-3375.

     On March _17_, 2016, I served the document described as: **ANSWER OF CITIBANK, N.A. TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
324 S. Beverly Drive, Suite 725
Beverly Hills, CA 90212

_X_  BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ BY PERSONAL DELIVERY.

___ BY FACSIMILE DELIVERY.

_X_  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March _17_, 2016, at Tarzana, California.


_____Yvette Montejo_____                 _____
                                          Signature

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

     On March 18, 2016, I served the document described as: **NOTICE OF REMOVAL BY DEFENDANT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
324 S. Beverly Drive, Suite 725
Beverly Hills, CA  90212

  X   BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ BY PERSONAL DELIVERY.

___ BY FACSIMILE DELIVERY.

  X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 18, 2016, at Tarzana, California.


| Yvette Montejo | |
|---|---|
| | Signature |